

R-465

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Hon. Royce Whitten
County Attorney
Lamar County
Paris, Texas

Dear Sir:                    Opinion No. V-224

                    Re: Maximum fees of the
                        constables of Lamar
                        County.

        Your request for an opinion from this Department
is as follows:

        "This is to request your opinion con-
cerning the amount of fees of office that
a constable may retain where he is not on
a salary basis. The facts of the case are
as follows:

        "Troy Bussell is constable of Precinct
One, Lamar County, Texas, with office in the
Court House at Paris, Texas. Lamar County
has a population of slightly over 50,000
people according to the last Federal census.
All the other officers of the County are on
the salary basis, but the Justices of the
Peace and the constables are on the fee basis.

        "(1) Under the law how much net profit
from fees in office is the constable allowed
to retain per annum?

        "(2) Can the County Auditor at his dis-
cretion permit the constable to purchase a
new automobile to be used in carrying on his
official duties and allow such constable to
pay for such automobile out of fees of office
other than such fees of office which he may
retain as his net profit under the law?"

Lamar County has a population of 50,425 according to the 1940 Federal Census, and its precinct officers are compensated on a fee basis. Therefore, the compensation of the constables is governed by Articles 3883 and 3891.

The provision of Article 3883 applicable to Lamar County is as follows:

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, or containing a city of over twenty-five thousand (25,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Thirty-five Hundred Dollars ($3500) each; Justice of the Peace and Constable Twenty-four Hundred Dollars ($2400) each. . ."

The provisions of Article 3891 applicable to Lamar County read as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, . . .

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000), or containing a city of over twenty-five thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Forty-two Hundred and Fifty Dollars ($4250). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-two Hundred Dollars ($2200)."

". . .

"(a) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional

amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars."

Subdivision (a) of Article 3891, above quoted, autho: izes the Commissioners' Court when in their judgment the finan cial condition of the county and the needs of the officers justify the increase to enter an order authorizing the precinc· officers to retain out of excess fees an additional amount not to exceed 25% of the maximum sum allowed under the law for the fiscal year 1944. The maximum compensation the precinct of- ficers of Lamar County could receive in 1944 was the maximum such officers could receive under laws existing August 24, 193! The maximum compensation precinct officers of Lamar County cou: receive under laws existing August 24, 1935, as fixed by Artic: 3883 and Article 3891 as amended by Ch. 327, Acts of the 44th Legislature, p. 752, was $2400.

Therefore, it is the opinion of this Department that the maximum fees constables of Lamar County can retain is $300( ($2400 plus $600) provided the Commissioners' Court has entere( an order increasing their compensation in an additional amount of 25% of the sum allowed under the law for the fiscal year 1944. The $600 increase, however, must be paid out of the one· third excess fees provided for in Article 3891.

In answer to your second question, it was held in Opinion No. O-4342 that a constable compensated on a fee basis is entitled to deduct from excess fees necessary traveling ex- penses including the expenses of gas, oil and a reasonable a- mount of upkeep incurred by a constable in the discharge of his official duties. We are herewith enclosing copies of our Opin· ions Nos. O-1284, O-1304, O-1866, O-3194 and O-4342, which con· tain holdings of similar effect. In view of the foregoing, it is our opinion that the purchase of an automobile for a con- stable to be used by a constable in the discharge of his offic· ial duties is not "necessary traveling expense" and, therefore your second question is answered in the negative.

## SUMMARY

1. The maximum compensation which constables of Lamar County may receive is $3000. Any compen- sation over and above $2400, however, must be paid out of excess fees. Arts. 3883, 3891, V.C.S.

2. The constable is not authorized to purchase a new automobile out of fees of office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

JR:jrb

Enclosures